IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN PARKER,

    Plaintiff,

vs.                                                                                       No. 22-cv-0980 MV/JFR

BERNALILLO COUNTY
METROPOLITAN DETENTION CENTER,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss filed by Defendant Bernalillo County Metropolitan Detention Center ("MDC"). *See* Doc. 5 (Motion). MDC seeks dismissal of Plaintiff's medical indifference claims on the ground that a jail cannot be sued as a matter of law. Having reviewed the arguments and relevant law, the Court will grant the Motion as to MDC but permit Plaintiff to file an amended complaint.

**I.**      **Background**[1]

Plaintiff is detained and proceeding *pro se*. On September 1, 2022, his "toenail was ripped off of [his] big toe." Doc. 1-1 at 2. MDC allegedly failed to respond to his medical request. *Id.* Based on these facts, the Complaint seeks damages from MDC for negligence and deliberate indifference to medical needs under the Eighth Amendment and the New Mexico Tort Claims Act, N.M.S.A. § 41-4-1, *et. seq.* ("NMTCA"). *See* Doc. 1-1 at 1, 3.

---

[1] The background facts are taken from Plaintiff's complaint (Doc. 4). For the limited purpose of this ruling, the Court assumes that Plaintiff's allegations are true.

Plaintiff originally filed the Complaint in New Mexico's Second Judicial District Court. *Id.* at 1. MDC removed the case to this Court based on federal-question jurisdiction and filed the instant Motion seeking dismissal on December 28, 2022. *See* Doc. 5. The certificate of service reflects that counsel for MDC mailed a copy of the Motion to Plaintiff at his address of record. *Id.* at 4. Plaintiff did not file a response or other submission opposing the Motion. The Court will consider whether there are grounds to dismiss the Complaint against MDC.

## II. Standard of Review

Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). As *Iqbal* explained:

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. When

there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110.  While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements."  *Id.*  Moreover, if the initial complaint fails to state a claim, courts should generally grant leave to amend should unless amendment would be futile.  *Id.*

### III. <u>Discussion</u>

Plaintiff's federal constitutional claims arise under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016).  "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law."  *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000).  The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution.  *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998).  There must also be a connection between the official conduct and the constitutional violation.  *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

As to state law claims, the NMTCA waives sovereign immunity for "the negligence of public employees while acting within the scope of their duties." *Abalos v. Bernalillo Cnty. Dist. Atty's Off.*, 734 P.2d 794, 798 (N.M. App. 1987).  This waiver is limited, however, by N.M.S.A. § 4-46-1.  That section provides that a plaintiff may sue a county agency only if the plaintiff sues the

board of county commissioners.  *See* N.M.S.A. § 4-46-1 ("In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county of ..........,").

As MDC correctly points out, jails are not "persons" subject to suit for money damages under 42 U.S.C. § 1983 or NMTCA.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 71 (1989) (neither state nor state agency is a "person" which can be sued under § 1983); *Buchanan v. Okla.*, 398 F. App'x 339, 342 (10th Cir. 2010) ("State-operated detention facilities.... are not 'persons' ... under § 1983"); *Porter v. City of Portales*, 2022 WL 168420, at *3 (D.N.M. Jan. 19, 2022) (interpreting § 4-46-1 and concluding the Roswell County Detention Center "is not a suable entity under either § 1983 or the NMTCA, as a defendant"); *Gallegos v. Bernalillo Cnty. Bd. of Cnty. Comm'rs*, 272 F. Supp. 3d 1256, 1264, 1267–68 (D.N.M. 2017) (noting that county "detention center is not a suable entity under" the NMTCA); *Jeter v. Lea Cnty. Det. Facility*, 2019 WL 1298101, at *6 (D.N.M. Mar. 21, 2019) (same).  All claims against MDC must therefore be dismissed.

The Tenth Circuit counsels that "if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend."  *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990).  The Court will grant the Motion with prejudice, as to MDC, since Plaintiff cannot sue that Defendant as a matter of law.  Within sixty (60) days of entry of this ruling, Plaintiff may amend the Complaint to name other Defendant(s), if any.  Any amended "complaint must make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

Entities and supervisors can only be liable under 42 U.S.C. § 1983 where the constitutional violation is traceable to a policy or custom promulgated by that defendant. *See Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989) (holding that counties "are subject to liability [under § 1983] only for their official policies or customs"); *Dodd v. Richardson,* 614 F.3d 1185, 1195 (10th Cir. 2010) (Wardens and other supervisors can face § 1983 liability based on the "promulgation, creation, implementation, or utilization of a policy that caused a deprivation of plaintiff's rights").

Plaintiff is also reminded that his § 1983 allegations must meet the objective and subjective components of a claim for deliberate indifference to medical needs. *See Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (deliberate indifference "involves both an objective and a subjective component"). "A medical need is [objectively] … serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (citation omitted). Many courts have concluded that a nail injury is not objectively serious, but Plaintiff will have an opportunity to provide all details surrounding his claim. *See, e.g., Houston v. Schriro,* 2013 WL 4457375, at *7 (S.D.N.Y. Aug. 20, 2013) (rejecting deliberate indifference claim where "Plaintiff alleges only that part of his fingernail fell off"); *Serna v. Laursen*, 2020 WL 1324072, at *4 (D.N.M. Mar. 20, 2020) (collecting cases and noting that most courts find the objective component of the test is not met based on nail fungus). As to the subjective component, any amended complaint must demonstrate that each defendant "knew [Plaintiff] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Kikumura v. Osagie,* 461 F.3d 1269, 1293 (10th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). If Plaintiff declines to timely file an amended complaint that complies with this ruling,

the Court may dismiss this case with prejudice and without further notice.

**IT IS ORDERED** that Defendant MDC's Motion to Dismiss (**Doc. 5**) is **GRANTED**; Plaintiff's Complaint to Recover Damages for Injury (**Doc. 1-1**) is **DISMISSED with prejudice**, to the extent it raises claims against MDC; and Plaintiff may file an amended complaint within sixty (60) days of entry of this ruling.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE