IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN PARKER,

    Plaintiff,

v.                                                        No. 22-cv-0980-MV-JFR

BERNALILLO COUNTY
METROPOLITAN DETENTION CENTER,

    Defendant.

### MEMORANDUM OPINION AND ORDER

    This matter is before the Court following Plaintiff Steven Parker's failure to file an amended complaint as directed. Plaintiff is incarcerated and proceeding *pro se.* The original Complaint (Doc. 1-1) challenges Plaintiff's conditions of confinement at the Metropolitan Detention Center (MDC) in Albuquerque, New Mexico. He alleges that on September 1, 2022, his "toenail was ripped off of [his] big toe." Doc. 1-1 at 2. MDC allegedly failed to respond to his medical request. *Id.* Construed liberally, the original Complaint seeks damages from MDC for deliberate indifference to medical needs and negligence under the Eighth Amendment, 42 U.S.C. § 1983, and the New Mexico Tort Claims Act, N.M.S.A. § 41-4-1, *et. seq.* ("NMTCA"). *Id.* at 1-3. The original Complaint names one Defendant - the Bernalillo County Metropolitan Detention Center (MDC) - and seeks $20,000 in damages. *Id.* at 1, 3. MDC moved to dismiss the original Complaint under Fed. R. Civ. P. 12(b)(6) and 12(c). *See* Doc. 5.

    By a ruling entered August 16, 2023, the Court determined that the original Complaint fails to state a cognizable claim against MDC. *See* Doc. 6 (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner complaints against governmental entities). Jails are not "persons" subject to suit for money damages under 42 U.S.C. § 1983 or the NMTCA. *See*

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 71 (1989) (neither state nor state agency is a "person" which can be sued under § 1983); *Buchanan v. Okla.*, 398 F. App'x 339, 342 (10th Cir. 2010) ("State-operated detention facilities.... are not 'persons' ... under § 1983"); *Porter v. City of Portales*, 2022 WL 168420, at *3 (D.N.M. Jan. 19, 2022) (interpreting § 4-46-1 and concluding that Roswell County Detention Center "is not a suable entity under either § 1983 or the NMTCA, as a defendant"); *Gallegos v. Bernalillo Cnty. Bd. of Cnty. Comm'rs*, 272 F. Supp. 3d 1256, 1264, 1267–68 (D.N.M. 2017) (noting a county "detention center is not a suable entity under" the NMTCA); *Jeter v. Lea Cnty. Det. Facility*, 2019 WL 1298101, at *6 (D.N.M. Mar. 21, 2019) (same).

Based on this authority, the Court granted the MDC's motion to dismiss, in part. The original Complaint was dismissed with prejudice, as to any claims against MDC. Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), Plaintiff was *sua sponte* invited to amend his claims to name any other defendants within 60 days. The Screening Ruling provides instructions on how to state a claim under 42 U.S.C. § 1983 and the Eighth Amendment. It also sets forth the applicable pleading standards for claims against defendants who are not personally involved in the alleged wrongdoing, such as entities or prison supervisors. Plaintiff was warned that if he fails to timely file an amended complaint consistent with the Screening Ruling, the Court may dismiss the claims with prejudice and/or without further notice.

The deadline to amend was October 15, 2023. Plaintiff did not comply, show cause for such failure, or otherwise respond to the Screening Ruling. Courts have the option to dismiss with prejudice where, as here, the original complaint does not state a cognizable claim, and the plaintiff fails to cure the pleading deficiency. *See, e.g., Novotny v. OSL Retail Servs. Corp.*, 2023 WL

3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where the district court rejected a "claim but gave him leave to amend, cautioning that failure to allege a plausible claim would result in a dismissal").  In this case, however, it is not clear that Plaintiff ever intended to raise claims against defendants beyond MDC.  Because MDC cannot be sued under the Eighth Amendment or the NMTCA as a matter of law, the Court reiterates that such claims are dismissed with prejudice.  Any remaining claims (*i.e.,* potential claims against other defendants) will be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute and comply with Court Orders.  This dismissal does not count as a strike for purposes of the three-strike rule in 28 U.S.C. § 1915(g).  *See Woodson v. McCollum*, 875 F.3d 1304 (10th Cir. 2017) (noting the three-strikes rule does not apply in removed cases).

**IT IS ORDERED** that to the extent Plaintiff's Prisoner Complaint to Recover Damages for Injury (**Doc. 1-1**) raises claims against MDC under the NMTCA or 42 U.S.C. § 1983, such claims against MDC are dismissed with prejudice for failure to state a cognizable claim under 28 U.S.C. § 1915A and Rule 12(b)(6).

**IT IS FURTHER ORDERED** that any remaining claims in that complaint are dismissed without prejudice under Rule 41(b); and the Court will enter a separate judgment closing the civil case.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE